## A. BEATTY, Syndic, *v.* F. A. TETE et al.

The 16th section of the Act of 1839, which provides that "in all cases where, by any provision of the Code of Practice, an oath of a party is required, it may (in the case of the absence of said party) be made by his agent or attorney," does not extend to cases where parties may be absent from court, for parties are, as a general rule, bound to be in court on the day fixed for trial, at their peril.

A. BEATTY,
*v.*
F. A. TETE.

An executor may bind himself individually for a debt of the succession; and where the promise is made to pay the debt at a specified time, it is not merely an acknowledgment of the debt, but it is a contract which may be enforced against him individually, although the promise be made by an instrument in which he describes himself as executor.

APPEAL from the District Court of Assumption, *Randall, J.*

*J. C. & A. Beatty,* for plaintiff:

Defendant denies her personal responsibility, and claims that only the estate of her husband is responsible, on a note in this form. On this point we refer to the following authorities: *Palleti* v. *Carr,* 3 M. 496; *Russell* v. *Cast,* 2 L. 188.

The affidavit was insufficient, because made by the attorney—the absence of the party from the parish not being shown or suggested. *Paine* v. *Tourni,* 2 E. 98; *Penne* v. *Tourné,* 2 La. 577: *Lizardi* v. *Arthur,* 16 L. 577.

*Ilsley,* for defendant and appellant:

The court below erred in refusing a continuance to enable the defendants to procure the testimony of *Marché.* The defence is similar to the case sustained in the suit of the *Bank of Louisiana* v. *Dejean,* 12 Rob. 16. See also *Gillet* v. *Rachel,* 9 Rob. 276; and the affidavit of the counsel was sufficient. Act of 20th March, 1839, sec. 16, amending C. P. *Penny* v. *Tourné,* 11 L. R. 468. *Lizardi* v. *Arthur,* 16 L. R. 577. The case should be remanded for a new trial.

VOORHIES, J. The defendant, *Rose Clement,* widow of *Auguste Tete,* deceased, is appellant from a judgment making her personally liable for the payment of three promissory notes signed by her as administratrix, payable to the order of, and endorsed by *F. A. Tete,* her co-defendant.

The defendant denies any such liability. She avers that the notes sued on were given, not as a novation, but as a liquidation and settlement of a debt originally due to the Union Bank by her said husband, of whose estate she is administratrix, the original debt having been previously evidenced by other notes with the same endorsement, given in her said capacity and afterwards reduced by partial payments to the amount for which the notes sued on was given.

The defendant complains of the refusal of the District Judge to grant her a continuance, on the affidavit of her attorney, stating her absence from the court, the facts she expected to prove by the absent witness, and the diligence used by her since the adjournment of the last term of the court, at which she had obtained a continuance to procure the deposition of the same witness. The District Judge was of opinion that sufficient diligence had not been shown, and we are not prepared to say that he erred. One of the grounds urged against the validity of the affidavit is, that it was not sworn to by the appellant herself, but by her attorney. It is stated in the affidavit that she was absent from the court. The appellant relies on the 16th section of the Act of 1839, which provides that "in all cases where by any provision of the Code of Practice an oath of a party is required, it may (in the case of the absence of said party) be made by his agent or attorney," &c.

The operation of this act does not, in our opinion, extend to cases where parties may be absent from court. If the construction contended for be conceded, it seems to us that it would, in its consequences, lead to serious abuses in the administration of justice. Parties to a cause are, as a general rule, bound to be in court on the day it is fixed for trial, at their peril. This case affords a striking illustration of the necessity of such a rule. It is obvious that the appellant's counsel must have been aware, previous to the session of the

court, of the circumstances which rendered it necessary to apply for a continuance; and yet no seasonable steps appear to have been taken by him to procure the affidavit of the appellant, who resided in the parish, for that purpose; and no reasonable excuse offered for the omission.

On the merits, we do not think that this case can be distinguished from the case of *Winthrop* v. *Jarvis*, recently decided by us, in which we held that an executor may bind himself, individually, for a debt of the succession; and where the promise is made to pay the debt at a specified time, it is not merely an acknowledgment of the debt, but is a contract which may be enforced against him individually, although the promise be made by an instrument in which he describes himself as executor.

It is therefore decreed, that the judgment of the District Court be affirmed, with costs.